IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    *Plaintiff*,<br><br>v.<br><br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,<br><br>    *Defendant*. | Civil Action No. 1:24-cv-780-ACR |
| JOHN DOE,<br><br>    *Plaintiff*,<br><br>v.<br><br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD, et al,<br><br>    *Defendants*. | Civil Action No. 1:25-cv-186-ACR (consolidated with Nos. 1:24-cv-780 (lead), 1:25-cv-70) |
| JOHN DOE CORPORATION,<br><br>    *Plaintiff*,<br><br>v.<br><br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,<br><br>    *Defendant*. | Civil Action No. 1:25-cv-70-ACR (consolidated with Nos. 1:24-cv-780 (lead), 1:25-cv-186) |

**STIPULATED PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of summary judgment or any evidentiary hearings pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**A.   Definitions**

1. "Party": any party to this action, including all of its officers, directors, and employees.

2. "Material": all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the Parties.

3. "Producing Party": a Party that produces Material in this action.

4. "Receiving Party": a Party that receives Material from a Producing Party.

5. "Designating Party": a Party that designates Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

6. "CONFIDENTIAL Material": Material that the Designating Party believes in good faith is not generally known to others and that it (i) would not normally reveal to third parties or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. For purposes of clarity, CONFIDENTIAL information includes, but is not limited to, sensitive personal information, including personal addresses, dates of birth, and salary, which a Party also may choose to redact from any produced documents; sensitive internal Public Company Accounting Oversight Board (PCAOB) information and/or information related to PCAOB employees or former employees; confidential research, development, or commercial information; or other sensitive information that is not generally known to the public. Copies, abstracts, compilations, summaries, and extracts of Materials designated as CONFIDENTIAL, and information derived therefrom, will also be treated as CONFIDENTIAL Material.

7. "ATTORNEYS' EYES ONLY Material": Material that the Designating Party believes in good faith is CONFIDENTIAL Material and that unrestricted disclosure to others would create a substantial risk of serious injury. The designation is reserved for (i) Material related to the currently pending disciplinary proceedings against John Doe that would not otherwise be available to John Doe during those proceedings; (ii) any Material related to a non-party, including but not limited to nonpublic Board proceedings involving third parties and any material relating to inspections involving third parties; and (iii) any other Material that, if subject to unrestricted disclosure, would significantly inhibit the PCAOB's confidential investigative, disciplinary, inspection and/or other regulatory efforts. Copies, abstracts, compilations, summaries, and extracts of Materials designated as ATTORNEYS' EYES ONLY, and information derived therefrom, will also be treated as ATTORNEYS' EYES ONLY Material. Notwithstanding any other provision of this Order, if a Party or its in-house counsel had access to material prior to the filing of this litigation, a Receiving Party cannot restrict such access by later designating such material as Attorneys' Eyes Only.

8. "Designated Material": Material that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

"Counsel of Record": (i) outside counsel who appear on the pleadings as counsel for a Party in this action or any appeal thereof; (ii) outside counsel in a Board disciplinary proceeding involving a Party, provided that before accessing such Designated Material, such counsel file notices of appearances in this action for the limited purposes of reviewing Designated Material; and (iii) licensed attorneys and law clerks of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation and administrative personnel employed by the outside counsel, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters. "Counsel of Record" does not include (i) a person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party or (ii) a person employed by the attorneys who gives advice relating to the substantive issues in this action unless that person is a licensed attorney.

10. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who is retained by a Party or retained or employed by its Counsel of Record to serve as an expert witness or as a consultant in this action.

11. "Professional Vendors": persons or entities unaffiliated with a Party or with a PCAOB registered firm that provide litigation support services (e.g., photocopying, videotaping, translating, preparing transcripts, exhibits, or demonstrations, organizing or processing data) and their employees and subcontractors. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

**B.  Scope**

12.  <u>Compliance with Applicable Rules Governing Confidentiality and Filing Under Seal</u>. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. Nor does this Order entitle the parties to file under seal Designated Material; the Parties must follow the applicable rules, procedures, and standards when seeking permission to file material under seal, in conformity with paragraph 20 below.

**C.  Access to Designated Material**

13.  <u>Access to CONFIDENTIAL Material</u>. Only the following persons are permitted to have access to CONFIDENTIAL Material:

   (a)  the Parties;

   (b)  Counsel of Record;

   (c)  persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

   (d)  In-house counsel of a Party who are assisting in the litigation of this action, including PCAOB attorneys responsible for management of this litigation and the PCAOB Chair's Office;

(e) Outside Consultants, subject to the procedures set forth in Section D;

(f) the Court and its personnel;

(g) court reporters;

(h) a mediator assigned to hear this matter, and his or her staff, who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A; and

(i) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A.

14. <u>Access to ATTORNEYS' EYES ONLY Material</u>. Only the persons identified in Paragraph 13(b)-(i) are permitted to have access to ATTORNEYS' EYES ONLY Material.

15. <u>Acknowledgements to be Bound</u>. Each person to whom Designated Material may be disclosed and who is required to sign the "Agreement to Be Bound by Protective Order" must do so prior to reviewing Designated Material. Counsel of Record for the Parties must retain each original executed document and, on written request, must provide copies to Counsel of Record for all other Parties after the termination of this action. The identification of an individual pursuant to this Order does not make that individual subject to deposition or any other form of discovery.

**D.    Disclosure to Outside Consultants**

16. <u>Agreement to Be Bound</u>. Before disclosing another party's Designated Material to an Outside Consultant, a Party must first obtain written acknowledgment to be bound by the terms of this Protective Order in the form of a signed copy of the Agreement to Be Bound by Protective Order attached as Exhibit A.  The Party must also provide the name of each Outside Consultant to whom Designated Material is disclosed to the district court in this action, on an ex parte basis.

**E.    Use of Material and Designated Material**

17. <u>Use of Material by a Receiving Party</u>. A Receiving Party, including its Counsel of Record, Outside Consultants, and Professional Vendors, is permitted to use Material produced in this litigation only for purposes of this action and is prohibited from disclosing such Material except in accordance with this Order.  Nothing in this Order shall preclude a Receiving Party from seeking production of such Material in another proceeding pursuant to the rules applicable in that proceeding, provided that the Receiving Party does not disclose such Material (or specific information contained in the Material) in seeking production.

18. <u>Use of Designated Material by a Producing Party</u>. Nothing in this Order restricts a Party's use or disclosure of its own Designated Material, subject to paragraph 24 below.

19. <u>Filing Designated Material</u>. Absent written permission from the Designating Party or a Court Order issued after appropriate notice, a Party must file Designated Material under seal

in conformance with the Court's rules and procedures. Material filed under seal shall include a cover page including the words "FILED UNDER SEAL."

20. <u>Unauthorized Use or Disclosure</u>. If a Party learns of the disclosure or use of Designated Material in any circumstance not authorized by this Order, it must promptly notify the Designating Party, in writing, of the unauthorized use or disclosure. In the event of unauthorized disclosure, the Party must also promptly (a) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person to whom unauthorized disclosures were made of the terms of this Order, and (c) ask that person to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

21. <u>Other Disclosure.</u> This Protective Order does not restrict disclosure of the following types of information, although that information might be subject to disclosure restrictions pursuant to other laws, regulations, and/or policies:

(a) information that is lawfully in the public domain at the time of disclosure, as evidenced by a written document;

(b) information that becomes part of the public domain, as evidenced by a written document, except to the extent such information became part of the public domain as a result of a Party's actions; and

(c) information that a Party lawfully receives from a third party without restriction as to disclosure, provided that the third party had the right to make the disclosure to the Party, as evidenced by a written document.

F. **Procedure for Designating Materials**

22. <u>Designating Documents</u>. For Material in documentary form (other than transcripts), the Designating Party must affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page that contains Designated Material.

23. <u>Designating Other Material</u>. For non-documentary Material, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If the nature of the information intended to be protected under this Protective Order makes it undesirable, difficult, or impossible to physically mark the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Designating Party may invoke the protections of this Protective Order by including a writing with such information indicating the designation and specifically identifying what portions of the produced information are designated.

24. <u>Removing Designations</u>. If a Party wishes to remove Confidential or Attorneys' Eyes Only designations from its own Material, or to make public its own material with such designations, it must provide the other Party with three business days of notice so that the other Party has the ability to designate such materials as appropriate under this Order.

25.     Designation Based on Receiving Party's Confidential Information. If a Producing Party has any reason to believe Material it intends to produce is CONFIDENTIAL or ATTORNEYS' EYES ONLY Material, the Producing Party must designate that material in accordance with the terms of this Protective Order. A Receiving Party may designate or redesignate Material that contains the Receiving Party's Material. In such circumstances, the Receiving Party shall be deemed the "Designating Party" for purposes of any challenges to the new or changed designations under paragraph 26 below.

26.     Challenges to Designations. A Party may at any time request that a Designating Party withdraw or modify a confidentiality designation; the Party is not obligated to make such a request at the time the designation is made. Requests must be in writing, identify each document by production number, and set forth the reason for believing the designation was improper. If, after conferring, the Parties cannot agree on the appropriate designation, the Party may bring a motion pursuant to the procedures for discovery disputes set out in the presiding judge's standing orders, the Court's local rules, the Federal Rules of Civil Procedure, or other applicable rules. The Party will continue to treat the document in accordance with the Designating Party's designation unless and until otherwise agreed to by the Designating Party or ordered by the Court. For the avoidance of doubt, when filing documents under seal under paragraph 19, a party may also seek Court permission to file designated material on the public docket so long as the material remains nonpublic pending the Court's ruling.

## G.    Inadvertent Production

27.     Inadvertent Failure to Designate. An inadvertent failure to designate confidential Material does not waive a Designating Party's right to secure protection under this Order for that Material. On discovery of an inadvertent failure to designate, a Designating Party may give written notice of the designation and provide substitute copies of the Material bearing the appropriate legend. The Party receiving notice must then treat the Material in accordance with the new designation, retrieve and destroy all copies of the previously produced version of the Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

28.     No Waiver of Privilege. The inspection or production of any Material that the Producing Party later claims should not have been produced because of a privilege or immunity from discovery, including but not limited to the attorney-client privilege or work product doctrine and material that is confidential and privileged under Section 105(b)(2) of the Sarbanes-Oxley Act, 15 U.S.C. § 7215(b)(5) ("Privileged Material"), will not constitute a waiver of any privilege in this matter or any other federal or state proceeding. If a Receiving Party receives materials that appear to be subject to a privilege or immunity from discovery, the Receiving Party must refrain from further use or examination of the materials that may be privileged, and shall immediately notify the Producing Party, in writing, that he or she possesses material that appears to be privileged. Upon notification by the Producing Party that Privileged Material has been produced, the Receiving Party shall promptly segregate and destroy or return the Privileged Material (including copies distributed to others, such as Outside Consultants and Professional Vendors), and shall expunge the Privileged Material from any derivative documents (including deposition testimony), systems, document review databases, e-rooms, or other storage locations. The Receiving Party may move the Court for an order compelling production of the Privileged Material, which shall be

filed under seal, but shall not assert as a ground for compelling production the fact or circumstance that the Privileged Material was produced. The Receiving Party may make no use of the Privileged Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later determined by a court to be not privileged or protected from discovery. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and other applicable laws and regulations.

**H.      Miscellaneous**

29.     <u>Enforcement and Jurisdiction</u>. This Court will have exclusive jurisdiction to enforce this Order, even following the final disposition of this action, unless this case is transferred to a different court after this Protective Order has been entered. In the event of transfer, the transferee court shall have exclusive jurisdiction to enforce this Order. Every individual who reviews Designated Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

30.     <u>Injunctive Relief</u>. Every individual who reviews Designated Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. A Party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

31.     <u>Final Disposition</u>. Within sixty days after the final disposition of this action, each Party and its counsel must destroy or return all Designated Material to the Designating Party and submit a written confirmation of the return or destruction to the Designating Party. However, Counsel of Record and Parties' in-house counsel are entitled to retain an archival copy of all pleadings, motion papers and supporting materials, transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, or attorney work product. Any such archival copies remain subject to this Protective Order. If destruction of any specific electronic information would violate a Party's statutorily mandated document retention protocol ("Document Retention Protocol"), that Party may retain such information in a manner consistent with its Document Retention Protocol, provided that such information shall be deemed to be covered by the provisions of this Order until such time it is destroyed pursuant to the applicable Document Retention Protocol.

32.     <u>Duration</u>. The confidentiality obligations imposed by this Order will remain in effect even after the final disposition of this action, until and unless otherwise agreed to by the Designating Party or ordered by the Court.

33.     <u>Further Protections</u>. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order.

34.     <u>Subpoenas in Other Litigation</u>. If a Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, it must so notify the Designating Party, in writing (by hand delivery, fax, or email) promptly. The notice must include a copy of the

-8-

subpoena or order. The Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all of the requested material is subject to this Order.

35.    <u>PCAOB Use of Information.</u> Nothing in in this Protective Order shall prevent the PCAOB from using Designated Material, or any other information or documents received prior to or during this litigation, in a manner consistent with its responsibilities concerning the sharing of documents or information with governmental bodies, agencies, authorities, or regulatory entities, including but not limited to the U.S. Securities and Exchange Commission; nor shall anything in this Protective Order interfere with the PCAOB's use of information or documents to regulate, administer, and/or enforce applicable laws and rules.

36.    <u>Appropriate Safeguards</u>. A Receiving Party shall have and maintain appropriate physical, organizational, and technical processes, security standards, guidelines, controls, and procedures to protect against a data breach, and shall ensure that its Outside Consultants, Professional Vendors, and any other person or entity that receives Designated Material pursuant to this Order implements and maintains appropriate safeguards.

**SO ORDERED:**

Date: July 28, 2025

_____
HONORABLE ANA C. REYES
United States District Judge

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state:

1. I reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read the *[Stipulated]* Protective Order ("Order") dated *[DATE]*, and understand and will abide by its terms. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use any Designated Material in any manner not expressly allowed by the Order.

5. I agree to be subject to the authority of the *[COURT]* in the event of any dispute related to this agreement.

6. I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20\_\_.        _____
                                                                              Signature